IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMGODSON ESSELL, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-0288
:
v. : (Judge McClure)
:
WILLIAM SCISM, :
:
    Respondent. :

## **MEMORANDUM**

April 21, 2010

Petitioner Samgodson Essell ("Petitioner" or "Essell"), an inmate presently confined at the Allenwood Low Security Correctional Institution ("LSCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition") under the provisions of 28 U.S.C. § 2241. (Rec. Doc. No. 1.)

By Order dated February 18, 2010, service of the petition was directed, and Respondent was directed to file a response within twenty-one (21) days. (Rec. Doc. No. 4.) On March 11, 2010, Respondent filed a response (Rec. Doc. No. 7), supporting exhibits (Rec. Doc. No. 7-2), and supporting authority (Rec. Doc. No. 7-3). Following a request for an extension of time, which was granted, on April 7, 2010, Petitioner filed a reply brief. (Rec. Doc. No. 12.) Accordingly, the petition is fully

briefed and ripe for review. For the reasons set forth below, the petition will be dismissed.

## I. Factual Background

In 1991, Essell was sentenced by the United States District Court for the Central District of California to 360 months imprisonment for his role in a conspiracy to import and distribute controlled substances. (*See* Rec. Doc. No. 7-2 at 21, Ex. C, Criminal Minutes and Order.) In the response to the petition, Respondent provides the following background on subsequent court proceedings based on a search of electronic court dockets:

> On April 25, 1997, Essell filed a motion to vacate, set aside, or amend his sentence under 28 U.S.C. § 2255. See C.D. Ca. Docket No. 2:97-cv-0262 (Ex. B) at 1. The district court denied Essell's 2255 motion on July 6, 1998. See id. The district court denied a petition for certificate of [appealability] on March 29, 1999. See id. at 2. Essell appealed to the Ninth Circuit Court of Appeals, at Docket No. 99-56008. See id. at 2. The appellate court denied Essell's request for certificate of appealability on March 28, 2000. See id.
>
> On May 22, 2009, Essell filed a motion for relief from a final judgment pursuant to Fed. R. Civ. P. 60(b)(5). See C.D. Ca. Docket No. 2:09-cv-03659 (Ex. 2) at 1. The district court denied this motion on July 8, 2009. See id.
>
> Essell subsequently filed a 'Motion to Certify Notice of Appeal Timely Nunc Pro Tunc,' which the district court denied on September 18, 2009. See id. at 2. In denying this motion, the court noted that by that date, Essell had 'made several attempts to challenge his sentence,' including a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, a motion under 18 U.S.C. § 3582 to modify his sentence, a

> Petition for Writ of Audita Querela and a motion under Fed. R. Civ. P. 60 for relief from judgment. See Order (Ex. C) at 1. 'All of those efforts sought to have the Court resentence him to time served as a result of a change in Application Note 12 to § 2D1.1 of the United States Sentencing Guidelines. The Court has denied Essell's efforts to obtain relief from the sentence imposed and none of Essell's appeals have been successful.' Id.

(Rec. Doc. No. 7 at 2-3.)

In the instant § 2241 petition, Essell asserts that his immediate release from prison is warranted based upon a series of violations of his right to due process. (*See* Rec. Doc. No. 1 at 1, 9.) He claims that he was entitled to a reduction of his sentence from thirty (30) years to ten (10) years pursuant to an amendment to the United States Sentencing Guidelines enacted in 1995, entitled Amendment 518, which he alleges was a retroactive amendment. (*See id.* at 2.) Essell provides a detailed recitation of his efforts to obtain a reduction of his sentence. (*See id.* at 2-6.) He alleges that the Clerk of Court of the United States District Court for the Central District of California failed to respond to his inquiries about the status of his motion to reduce his sentence. (*See id.*) Essell claims that the Clerk of Court's failure to timely notify him of the Court's decision denying his motion led to the dismissal of his subsequent appeal as untimely. (*See id.*) He asserts that the Clerk of Court interfered with his right of access to the courts and therefore also violated his right to due process. (*See id.*)

**II. Discussion**

### A. Challenge to Sentence

Respondent argues that, to the extent Essell seeks to challenge his 1991 federal sentence in this Court based upon a 1995 amendment to the United States Sentencing Guidelines, he cannot pursue such a challenge through a § 2241 habeas petition. (*See* Rec. Doc. No. 7 at 5-11.) In his reply brief, Essell responds as follows:

> To set the record straight, petitioner contends that his motion is not a challenge to his sentence and conviction as the learned prosecutor is trying to spin it to be, but rather, it is based on numerous denial[s] of his Constitutional rights of access to the Court, in total violation of his due process rights which is cognizable under 2241, thus, the court must deny the Governments build [*sic*] assertion.

(Rec. Doc. No. 12 at 2.) Essell's petition does include allegations that he was denied access to the courts and that, as a result, his right to due process was violated, and the Court will address those allegations in the next section. However, we disagree with Essell's contention that he is not challenging his sentence in the instant petition. The relief he seeks is his immediate release from prison. That form of relief would only be available if Essell prevailed on his claim that he is entitled to a reduction of his sentence, and it is determined that he has completed the service of his sentence. Therefore, Essell is, at least in part, challenging his sentence, and we will first address his attempt to pursue that challenge through a § 2241 petition before turning to his constitutional claims.

Ordinarily, when challenging the validity of a conviction and sentence, a

federal prisoner is limited to filing a motion pursuant to § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002). However, as § 2255 itself provides, a challenge can be brought under § 2241 if it "appears that the remedy by [a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251). If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 Fed. Appx. 179, 180 (3d Cir. 2007).

Applying these principles here, we conclude that we lack jurisdiction over the

5

portion of Essell's petition challenging his criminal sentence on the basis that he is entitled to a reduction of his sentence because his remedy under § 2255 was not inadequate or ineffective to test the legality of his detention. In its September 18, 2009 Order denying Essell's "Motion to Certify Notice of Appeal Timely Nunc Pro Tunc," the United States District Court for the Central District of California observed that Essell had made several attempts to challenge his sentence, including a motion under § 2255, and that "[a]ll of those efforts sought to have the Court resentence him to time served as a result of a change in Application Note 12 to § 2D1.1 of the Sentencing Guidelines." (*See* Rec. Doc. No. 7-2 at 21, Ex. C., Criminal Minutes and Order.) The mere fact that Essell was unsuccessful in obtaining relief in the form of his release in his prior § 2255 motion does not allow him to challenge his conviction and sentence in this Court through a § 2241 habeas petition. *See Cradle*, 290 F.3d at 539. Accordingly, we must dismiss the portion of Essell's petition challenging his criminal sentence on the basis that he is entitled to a reduction of his sentence for lack of jurisdiction.

### B. Access to the Courts and Due Process Claims

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d at 542.

In his petition, Essell alleges that the Clerk of Court of the United States District Court for the Central District of California violated his First Amendment right of access to the courts and Fourteenth Amendment right to due process by failing to respond to his inquiries regarding the status of his motion to reduce his sentence and by failing to notify him of the Court's disposition of the motion. (*See* Rec. Doc. No. 1 at 2-10.) Although Essell maintains that his claims against the Clerk of Court are cognizable under § 2241 because the relief he seeks is his release from prison, the claim itself does not directly implicate the fact or duration of his confinement and his release would not be an available remedy.[1] *See Leamer*, 288 F.3d at 542. Rather,

---

[1]In his reply brief, Essell cites cases in support of his argument that immediate release is an appropriate remedy upon a finding that an inmate's right to due process has been violated. (*See* Rec. Doc. No. 12 at 3 (citing *McQuillion v. Duncan,* 306 F.3d 895 (9th Cir. 2002); *Bush v. Solis*, 2004 WL 2600141 (N.D. Cal. 2004).) Notwithstanding the fact that the cases cited by Essell were decided in the Ninth Circuit, and thus are not binding on this Court, both cases are distinguishable. The petitioners in *McQuillion* and *Bush* sought their immediate release based on their challenges to the denial of parole. A challenge to the denial of parole clearly implicates the fact or duration of confinement, and thus is properly pursued through a petition for writ of habeas corpus. Moreover, the release of an inmate would be an applicable remedy in that context. In contrast, even if Essell prevailed on his claim that the Clerk of Court violated his constitutional rights by allegedly failing to respond to his inquiries and to notify him of the Court's decision, his release would not be an available remedy.

where a federal inmate is challenging the conditions and incidents of his confinement, the filing of a *Bivens*[2] action, the federal counterpart to a § 1983 action, is appropriate. *See Ramirez v. Nash*, Civil No. 3:03-CV-0322, Doc. 12 (Report & Recommendation) (Smyser, M.J.), adopted at Doc. 13 (M.D. Pa. May 20, 2003) (Vanaskie, C.J.). Therefore, Essell's claims against the Clerk of Court asserting a violation of his constitutional rights will be denied without prejudice to his right to pursue them in a properly filed civil rights action.[3]

### III. Conclusion

For the foregoing reasons, the petition for writ of habeas corpus (Rec. Doc. No. 1) will be dismissed.

s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge

---

[2]*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[3]The Court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted in the instant petition.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMGODSON ESSELL, | : |
| Petitioner | : CIVIL NO. 4:10-CV-0288 |
| v. | : (Judge McClure) |
| WILLIAM SCISM, | : |
| Respondent. | : |

## **ORDER**

April 21, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                                  s/ James F. McClure, Jr.
                                                  JAMES F. McCLURE, JR.
                                                  United States District Judge